# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# SPARTANBURG DIVISION

| | |
|---|---|
| **Vanida Khautisen, as Personal Representative of the Estate of Khouanexay Bill Sivilay,** | C.A. No. 7:21-cv-03775-TMC |
| **PLAINTIFF,** | |
| v. | **ANSWER ON BEHALF OF DEFENDANTS BHG HOLDINGS, LLC and BHG XXXVIII, LLC** |
| **BHG Holdings, LLC, and BHG XXXVIII, LLC,** | |
| **DEFENDANTS.** | **[JURY TRIAL DEMANDED]** |

Defendants BHG Holdings, LLC and BHG XXXVIII, LLC, answering Plaintiff's Complaint, allege as follows:

## FOR A FIRST DEFENSE

1.  Each and every allegation not admitted, qualified, or explained below is denied.

## FOR A SECOND DEFENSE

2.  As to the first unnumbered paragraph of the Complaint, BHG admits that it operates opioid treatment programs that treat individuals for addiction and substance abuse. In addition to therapeutic monitoring and counseling services, BHG dispenses, in accordance with state and federal regulations, methadone and other medications to qualified patients. BHG further admits that, in accordance with state and federal regulations, it provides take-home doses of methadone when appropriate. BHG admits

that a patient named ▇▇▇▇ received treatment through BHG's opioid treatment program. As to the remaining allegations of this paragraph, BHG denies all allegations of negligence, gross negligence, recklessness, willfulness, and wantonness on the part of BHG or a breach of the standard of care by one or more BHG employees, agents or servants.

3. As to the second unnumbered paragraph of the Complaint, BHG admits that a patient named ▇▇▇▇ received treatment through BHG's opioid treatment program. As to the remaining allegations of this paragraph, BHG denies all allegations of negligence, gross negligence, recklessness, willfulness, and wantonness on the part of BHG or a breach of the standard of care by one or more BHG employees, agents or servants.

4. BHG lacks sufficient information to form an opinion or belief regarding the allegations of Paragraph 1.

5. BHG admits the allegations of Paragraphs 2 and 3.

6. BHG lacks sufficient information to form an opinion or belief regarding the allegations of Paragraph 4.

7. Paragraphs 5 and 6 state legal conclusions and therefore no response is necessary.

8. In response to Paragraph 7, BHG lacks sufficient information to form an opinion or belief regarding ▇▇▇▇ actual history of illegal drug use. BHG denies Paragraph 7 to the extent it calls BHG's patients "junkies" as this is demeaning, offensive, and mean-spirited and alleged solely for the purpose of embarrassing not only BHG, but also clients of BHG's clinics who seek treatment for medically diagnosed substance

abuse disorders. Accordingly, BHG moves to strike this impertinent and scandalous characterization from Plaintiff's pleadings.

9. BHG admits so much of Paragraph 8 as alleges that a patient named ▮▮ received treatment through BHG's opioid treatment program. Further answering, BHG refers the Court and the finder of fact to the ▮▮ treatment records from BHG for an accurate summary of ▮▮ reported drug use, his medical conditions, the treatment received for those conditions, and the dates of such treatment. BHG denies all allegations contained in these paragraphs that are inconsistent with the medical records, or with the recollections of the healthcare providers who interacted with ▮▮. BHG denies the allegations of Paragraph 8 to the extent they allege any liability arising from any act or omission of BHG.

10. BHG admits so much of Paragraph 9 as alleges that it operates an opioid treatment program. BHG denies Paragraph 9 to the extent it calls BHG's patients "drug addicts" as this is demeaning, offensive, and mean-spirited and alleged solely for the purpose of embarrassing not only BHG, but also clients of BHG's clinics who seek treatment for medically diagnosed substance abuse disorders. Accordingly, BHG moves to strike this impertinent and scandalous characterization from Plaintiff's pleadings. Further answering, BHG denies that all patients pay for treatment with cash or that all patients are charged the alleged sum.

11. BHG denies the allegations of Paragraph 10 as stated.

12. Paragraphs 11, 12, 13, and 14 state scientific and/or medical conclusions and therefore no response is necessary. BHG denies the allegations of Paragraphs 11,

12, 13, and 14 to the extent they allege any liability arising from any act or omission of BHG.

13. BHG admits so much of Paragraph 15 as alleges that poly-substance addiction is present among patients seeking treatment through opioid treatment programs and that BHG's patients are educated about the risks of medications employed to treat addiction disorders. BHG denies the allegations of Paragraph 15 to the extent they allege any liability arising from any act or omission of BHG.

14. Paragraphs 16 and 17, inclusive of subparts, state legal conclusions and therefore no response is necessary. BHG denies the allegations of Paragraphs 16 and 17 to the extent they allege or infer liability arising from any act or omission of BHG.

15. In response to Paragraph 18, BHG admits that the Spartanburg clinic is closed on Sundays and on certain holidays.

16. BHG denies the allegations of Paragraph 19 as stated. By way of explanation, BHG alleges that it follows federal regulations, which provide that "[a]ny patient in comprehensive maintenance treatment may receive a single take-home dose for a day that the clinic is closed for business, including Sundays and State and Federal holidays." BHG also denies Paragraph 19 to the extent it calls BHG's patients "drug addicts" as this is demeaning, offensive, and mean-spirited and alleged solely for the purpose of embarrassing not only BHG, but also clients of BHG's clinics who seek treatment for medically diagnosed substance abuse disorders. Accordingly, BHG moves to strike this impertinent and scandalous characterization from Plaintiff's pleadings.

17. BHG admits so much of Paragraphs 20, 21, 22, 23, 24, 25, and 26 as alleges that a patient named ▓▓▓▓▓▓ received treatment through BHG's opioid

4

treatment program. Further answering, BHG refers the Court and the finder of fact to the ▆▆▆▆▆ treatment records from BHG for an accurate summary of Plaintiff's medical conditions, the treatment he received for those conditions, and the dates of such treatment. BHG denies all allegations contained in these paragraphs that are inconsistent with the medical records, or with the recollections of the healthcare providers who interacted with ▆▆▆▆▆. BHG further denies all allegations of Paragraphs 20, 21, 22, 23, 24, 25, and 26 as allege negligence, gross negligence, recklessness, willfulness, and wantonness on the part of BHG or that assert or imply a breach of the standard of care by one or more BHG employees, agents or servants.

18.     BHG lack sufficient information to form an opinion or belief regarding the allegations of Paragraphs 27, 28, 29, 30, 31, 32, and 33. BHG denies the allegations of Paragraphs 27, 28, 29, 30, 31, 32, and 33 to the extent they allege any liability arising from any act or omission of BHG.

19.     BHG admits the allegations of Paragraph 34.

20.     BHG lack sufficient information to form an opinion or belief regarding the allegations of Paragraphs 35, 36, 37, 38, 39, 40, and 41. BHG denies the allegations of Paragraphs 35, 36, 37, 38, 39, 40, and 41 to the extent they allege any liability arising from any act or omission of BHG.

21.     In response to Paragraph 42, BHG reasserts all allegations, defenses, and denials set forth in this Answer.

22.     Paragraphs 43, 44, 45, 46, 47, 48, and 49, inclusive of subparts, state legal conclusions and therefore no response is necessary. BHG denies all allegations of

Paragraphs 43, 44, 45, 46, 47, 48, and 49, inclusive of subparts, as allege negligence, gross negligence, recklessness, willfulness, and wantonness on the part of BHG.

23. BHG lack sufficient information to form an opinion or belief regarding the allegations of Paragraph 50.

24. Paragraph 51 states legal conclusions and therefore no response is necessary. BHG denies that Plaintiff is entitled to punitive damages.

25. In response to Paragraph 52, BHG reasserts all allegations, defenses, and denials set forth in this Answer.

26. BHG denies the allegations of Paragraph 53.

27. Paragraphs 54 and 55 state legal conclusions and therefore no response is necessary. BHG denies that Plaintiff is entitled to punitive damages.

28. The unnumbered Paragraph beginning with the word "WHEREFORE" states legal conclusions and therefore no response is necessary. To the extent this Paragraph states claims for recovery against BHG, these are denied.

### FOR A THIRD DEFENSE

29. BHG reasserts all allegations, denials, and defenses set forth in this Answer to the extent they are consistent with this defense.

30. Plaintiff's Complaint fails to state a claim upon which relief can be granted against BHG. The Court should therefore dismiss Plaintiff's claims against BHG with prejudice under FED.R.CIV.P. 12(b)(6).

### FOR A FOURTH DEFENSE

31. BHG reasserts all allegations, denials, and defenses set forth in this Answer to the extent they are consistent with this defense.

32. BHG is a healthcare provider under S.C. Code Ann. § 15-79-110(3) of the South Carolina Code of Laws.

33. Plaintiff's claims for medical malpractice must be dismissed because Plaintiff failed to adhere to the requirements of S.C. Code Ann. § 15-79-110, *et seq.*, for filing such an action, including failing to file a Notice of Intent to File Suit and failing to contemporaneously file an appropriate affidavit with the Notice of Intent to File Suit.

### FOR A FIFTH DEFENSE

34. BHG reasserts all allegations, denials, and defenses set forth in this Answer to the extent they are consistent with this defense.

35. Plaintiff's claims for punitive or exemplary damages against BHG are barred, or limited, under S.C. Code Ann. § 15-32-530, public policy, common law, and the South Carolina and United States Constitutions.

36. Plaintiff's claims for punitive or exemplary damages entitles BHG to a bifurcated trial under S.C. Code Ann. § 15-32-520.

### FOR A SIXTH DEFENSE

37. BHG reasserts all allegations, denials, and defenses set forth in this Answer to the extent they are consistent with this defense.

38. BHG is a "healthcare provider" as defined under S.C. Code Ann. § 15-32-210(5) of the South Carolina Code of Laws.

39. South Carolina law, including the provisions of S.C. Code Ann §§ 15-32-220 and 15-32-230, bars or limits Plaintiff's recovery against BHG.

## **FOR A SEVENTH DEFENSE**

40. BHG reasserts all allegations, denials, and defenses set forth in this Answer to the extent they are consistent with this defense.

41. Decedent's death was due to and caused by and was the direct and proximate result of the intervening and superseding acts or omissions of persons or entities other than BHG, whether criminal or otherwise, and for which BHG is not liable.

## **FOR AN EIGHTH DEFENSE**

42. BHG reasserts all allegations, denials, and defenses set forth in this Answer to the extent they are consistent with this defense.

43. Plaintiff has failed to join an indispensable party to this action, pursuant to FED.R.CIV.P. 19(a), and therefore, this action must be dismissed until such time as all proper parties are named.

## **FOR A NINTH DEFENSE**

44. BHG reasserts all allegations, denials, and defenses set forth in this Answer to the extent they are consistent with this defense.

45. If BHG was negligent, which is specifically denied, the injuries and damages sustained by Plaintiff's Decedent were due to and caused by and were the direct and proximate result of the intervening and superseding acts or omissions of persons or entities other than BHG and for which BHG is not liable.

**WHEREFORE**, having fully answered, Defendant BHG prays that the Court dismiss all claims asserted against it and grant all relief to which it is entitled.

        HOLCOMBE BOMAR, P.A.

        *s/Todd R. Flippin*

        ―――――――――――――――――――
        William B. Darwin, Jr., Fed. ID No. 5422
        Todd R. Flippin, Fed. ID No. 11753
        Post Office Box 1897
        Spartanburg, South Carolina  29304
        (864) 594-5300 (Office)
        (864) 585-3844 (Facsimile)
        kdarwin@holcombebomar.com
        tflippin@holcombebomar.com

        *Attorneys for Defendants BHG Holdings, LLC and BHG XXXVIII, LLC*

Spartanburg, South Carolina

January 4, 2022