**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| Vanida Khautisen, as Personal Representative of the Estate of Khouanexay Bill Sivilay, <br><br> PLAINTIFF, <br><br> v. <br><br> BHG Holdings, LLC, and BHG XXXVIII, LLC, <br><br> DEFENDANTS. | C.A. No. 7:21-cv-03775-TMC <br><br> **DEFENDANT BHG HOLDINGS, LLC'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |

Defendant BHG Holdings, LLC ("BHG Holdings"), by and through undersigned counsel, hereby replies to Plaintiff's Response in Opposition to Defendant BHG Holdings' Motion for a Protective Order.

**ARGUMENT IN REPLY**

I.  **BHG Holdings maintains the *relevant* information sought is available from other sources.**

BHG Holdings continues to maintain that budgetary, EBITDA, price paid for methadone and counseling services, etc., are wholly irrelevant to the facts of this case. Plaintiff continues to take issue with the daily price of treatment at BHG Spartanburg, which includes Methadone and all services rendered to patients at BHG Spartanburg.

The part that Plaintiff conveniently omits is, according to the NIDA's 2014 publication "Principles of Drug Addiction Treatment: A Research-Based Guide (Third Edition),"

> Substance abuse costs our Nation over $600 billion annually and treatment can help reduce these costs. Drug addiction treatment has been shown to reduce associated health and social costs by far more than the cost of the treatment itself. Treatment is also much less expensive than its alternatives, such as incarcerating addicted persons. **For example, the average cost for 1 full year of methadone maintenance treatment is approximately $4,700 per patient [i.e., approximately $13 per day]**, whereas 1 full year of imprisonment costs

1

approximately $24,000 per person. According to several conservative estimates, every dollar invested in addiction treatment programs yields a return of between $4 and $7 in reduced drug-related crime, criminal justice costs, and theft. When savings related to healthcare are included, total savings can exceed costs by a ratio of 12 to 1.[1] (emphasis added)

BHG Spartanburg charges its patients $14 per day, and less if they pay in advance (*e.g.*, monthly). BHG is spot-on with the national average for cost of medication assisted treatment with Methadone in opioid treatment programs. Plaintiff cannot prove that this information is relevant or necessary to the true issues in this case, *i.e.*, whether BHG Spartanburg breached the standards of medical care in treating T.N.

Plaintiff has the relevant employment files and deposed the counselors, intake personnel, and the physician who were directly involved with T.N.'s medical care at BHG Spartanburg. Plaintiff has not been deprived the ability to inquire into whether the relevant individuals involved in T.N.'s medical care were qualified to do so.

## II. Although Defendants maintain that BHG Holdings is not liable in this case and there is no basis for BHG Holdings being sued, they are part of BHG XXXVIII, LLC's ("BHG Spartanburg") ownership structure.

BHG Holdings does not contend it is an improper defendant. Rather, it argues that information regarding its financial and corporate structure is not relevant at this juncture. Pursuant to Rule 26(b)(1), such information has no bearing on whether BHG Spartanburg breached the standards of medical care in treating T.N., *i.e.*, it has no importance in resolving the issues in this case. See Rule 26(b)(1), FRCP. Such information would only be necessary to address a potential alter ego/piercing the corporate veil situation, as there has been no verdict/judgment and an inability to collect. BHG XXXVIII, LLC ("BHG Spartanburg") is a separate legal medical entity,

---

[1] https://archives.nida.nih.gov/sites/default/files/podat-3rdEd-508.pdf

and the one treating T.N. in this case.  Plaintiff has been provided the insurance policy(ies) pursuant to their Requests for Production.

Furthermore, BHG Holdings' financial information should only become relevant if it is potentially liable for punitive damages.  Long v. M&M Transp., LLC, 2014 WL 235517 (N.D.W.V., January 22, 2014), citing Stamathis v. Flying J, Inc., 389 F.3d 429, 442 (4th Cir. 2004); Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 105 (E.D.N.C. 1993).  Our Fourth Circuit courts require a heightened showing of entitlement to financial records to support a punitive damage claim because "[t]he ease with which claims for punitive damages can be asserted makes it apparent that such claims may result in abuse and harassment if their mere assertion entitles plaintiffs to financial discovery." Long, 2014 WL 235517, *2; citing Moore v. DAN Holdings, Inc., 2013 WL 1833557 (M.D.N.C. April 30, 2013) (quoting Moran v. International Playtex, Inc., 103 A.D.2d 375, 377 (N.Y.App. Div., 2d Dep't 1984)). "Thus, in general, a plaintiff must establish that a claim for punitive damages is viable before discovery into a defendant's financial information will be allowed."  See Robinson v. Quicken Loans Inc., 2013 WL 1704839 (S.D.W.V. April 19, 2013) (collecting cases).

This *prima facie* showing of viability is generally made by "presenting evidence to support the factual allegations in the complaint or by surviving a summary judgment on claims for which punitive damages are available."  Long, 2014 WL 235517, *2, citing George Golf Design, Inc. v. Greenbrier Hotel, Inc., 2012 WL 5285410, at *3 (S.D.W.Va. Oct 23, 2012) (information about defendant's financial worth only discoverable once plaintiff survived a motion for summary judgment); Hester v. Cottrell Contracting Corp., 2001 WL 1764200 (E.D.N.C. April 27, 2001) (defendant's financial condition discoverable only when plaintiff presents evidence of possible entitlement to punitive damages and plaintiff survives a motion to dismiss).  The line of cases on

this issue generally hold that a plaintiff can only meet their burden by surviving a motion for summary judgment, particularly a pending motion for summary judgment. See, *e.g.*, Long, 2014 WL 235517; Robinson, 2013 WL 1704839, *2; Cutaia v Radius Engineering International, Inc., 2013 WL 12338471, *1 (W.D.Va. July 5, 2013) ("there is no question that [defendant's] financial information will be relevant if an only if the claim for punitive damages survives summary judgment").

Defendant BHG Holdings maintains that for Plaintiff to depose Mr. Higham, Plaintiff must show relevance at this juncture and that the information sought is unavailable from other sources (along with meeting the other elements of the Apex Doctrine).

This Court should grant Defendant's Motion for Protective Order. Plaintiff has not met their burdens under the Apex Doctrine.

Respectfully submitted,

 s/ Chance M. Farr
Chance M. Farr
E. Brown Parkinson, Jr.
HOLCOMBE BOMAR, P.A.
101 West Saint John Street, Ste 200
Spartanburg, South Carolina 29306
(864) 594-5300
cfarr@holcombebomar.com
ebparkinson@holcombebomar.com
*Counsel for Defendant BHG Holdings*

This the 11th day of August 2023.