IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Vanida Khautisen, as Personal Representative of the Estate of Khouanexay Bill Sivilay, <br><br> PLAINTIFF, <br><br> v. <br><br> BHG Holdings, LLC, and BHG XXXVIII, LLC, <br><br> DEFENDANTS. | C.A. No. 7:21-cv-03775-TMC <br><br> DEFENDANTS' MEMORANDUM IN REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT, DR. NATHAN STRAHL |

Defendants, by and through counsel, hereby reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Exclude Plaintiff's Expert, Dr. Nathan Strahl, as follows:

## ARGUMENT

Plaintiff's argument in response contains critical errors. First, it fails to recognize the applicability of Kumho and its progeny to this Motion to Exclude, and this Court's capacity to require that Plaintiff "explain how [Dr. Strahl's] experience leads to the conclusion reached, why his experience is a sufficient basis for the opinion, and how his experience is reliably applied to the facts." See Kumho Tire v. Carmichael, 526 U.S. 137 (1999); see also US v. Wilson, 484 F.3d 267 (4th Cir. 2007). Further, Dr. Strahl's complete disregard of standards and regulations governing Opioid Treatment Programs (OTPs) that treat patients with Methadone manifestly reveals his disconnect with current OTP practice and, therefore, the unreliability of his opinions—no matter how much experience he has in a general behavioral health setting. Indeed, Plaintiff's long list of Dr. Strahl's impertinent credentials has the potential to be both powerful and misleading to our jury. Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999).

1

In support of Dr. Strahl's expert witness experience in legal cases involving Methadone, Plaintiff cites one reported case from *2004*, where Dr. Strahl served as an expert for a plaintiff against an OTP. Taylor v. Smith, 892 So. 2d 887 (Ala. 2004). This was less than two years out from Dr. Strahl's last experience working in an OTP that treats patients with methadone.[1] Twenty years later, Dr. Strahl hopes to do it again.

Plaintiff's argument bolsters Defense's position in that it merely elaborates on Dr. Strahl's non-OTP experience. Dr. Strahl has published on addiction medicine, he has impressive board certifications, and he has been a psychiatrist for a long time— Defendants do not contest this. The problem is that, for the past twenty-one (21) years, Dr. Strahl has not prescribed the medication at issue in this case, worked in the type of medical program at issue in this case, or identified a single piece of medical literature or conference he attended dealing with treating patients with Methadone in the OTP setting. In fact, Dr. Strahl's report does not list a single OTP-specific reference, despite his testimony that he reviewed a "moderate" amount of literature before rendering his opinions. Dr. Strahl was asked during his deposition whether he had attended any of the key conferences on OTP standards of care, and he said no. He had every opportunity to explain why he is familiar with the specific standards and regulations governing OTPs, yet he did not do so. Yet, per Plaintiff, "BHG's motion would not surprise anyone who watched BHG's deposition of Dr. Strahl. That deposition was, from BHG's perspective, a trainwreck."

This Court should view Dr. Strahl's opinions regarding standards of care in general psychiatry and addiction medicine as distinguishable from the standards and regulations that govern OTPs. Plaintiff would like for this Court to lump together Dr. Strahl's practice and OTPs,

---

[1] Plaintiff also cited Santandreu v. Colonial Management Group, Case No. 3:16-cv-3042-TLW (filed Sept. 8, 2016). No Motion to Exclude Dr. Strahl's testimony was filed or ruled upon due to settlement of the case.

and that simply is not appropriate. The very nature of OTPs is that they treat patients who are in dire psychosocial circumstances, they have co-occurring disorders (e.g., co-existing mental illness or concomitant illicit drug abuse), and they are at risk of diverting medication to the public. Dr. Strahl refers his patients who need more intensive treatment to OTPs (primarily the one owned and operated by Defense's expert, Dr. Eric Morse). All the while, "[a] major goal for OTPs is to retain patients for as long as they can benefit from and express a desire to continue treatment."[2] "Studies show that the duration of retention in treatment is directly related to success in outcome. **For patients who remain in treatment, despite continued excessive use of alcohol or illicit drugs, tend to benefit from the treatment experience**."[3] "Many patients often need psychosocial services for an extended period of time because of the multiplicity of their problems."[4] "Co-occurring disorders, which include multiple drug use problems as well as psychiatric and medical disorders, are most effectively treated and managed at a single treatment site."[5] "Many people presenting to [OTPs] have an extensive history of multiple substance dependence and all substance abuse, including benzodiazepines, should be actively addressed in treatment. MAT should not generally be discontinued for persistent benzodiazepine abuse, but requires the implementation of risk management strategies."[6] There is a massive body of regulatory material which Dr. Strahl admitted he did not review or consider. Dr. Strahl's opinions are not merely a "difference of opinion"; rather, they ignore basic tenets of OTP treatment.

---

[2] SAMHSA, Federal Opioid Treatment Standards, p. 26, https://store.samhsa.gov/sites/default/files/d7/priv/pep15-fedguideotp.pdf
[3] Id. at p. 34 (emphasis added).
[4] Id.
[5] Id. at p. 35.
[6] Management of Benzodiazepines in Medication-Assisted Treatment: Final Report on the Development of Clinical Guidelines, Philadelphia Dept. of Pub. Health, Nov. 2013, https://my.ireta.org/sites/ireta.org/files/Best%20Practice%20Guidelines%20for%20BZDs%20in%20MAT%202013_0.pdf

Instead of being open to these considerations, Dr. Strahl reviewed a "moderate" amount of literature, including some "updated tips and requirements and the OTP requirements." Dep. Strahl, MD. at 11:6-12 (included as exhibit with original filed motion). At the same time, Plaintiffs would like to undermine Defendant's expert, Dr. Eric Morse, even though he is an addiction psychiatrist who has continuously worked in OTPs prescribing Methadone since 2002 (ironically, the same year that Dr. Strahl last worked inside of an OTP).

There is no question that a motion to exclude an expert is not a battle between whose expert is the *most* qualified or *most* correct. However, this Court has the duty to prevent an expert, who is pulling only from his own inapplicable experiences, from telling a jury what should be going on in a unique type of medical program and with a particular medication, neither of which he has touched in over two decades. This Court should grant Defendant's Motion to Exclude Plaintiff's expert witness, Dr. Strahl.

Respectfully submitted,

HOLCOMBE BOMAR, P.A.

s/ Chance M. Farr
Chance M. Farr, Fed ID 12522
E. Brown Parkinson, Jr.
William B. Darwin, Jr.
PO Box 1897
Spartanburg, SC 29306
(864) 594-5300
cfarr@holcombebomar.com
ebparkinson@holcombebomar.com
kdarwin@holcombebomar.com
*Attorneys for Defendants*

This the 28th day of August 2023.
Spartanburg, South Carolina