**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| Vanida Khautisen, as Personal Representative of the Estate of Khouanexay Bill Sivilay, | C/A No. 7:21-cv-3775-TMC |
| Plaintiff, | |
| v. | **RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION IN LIMINE** |
| BHG Holdings, LLC, and BHG XXXVIII, LLC, | |
| Defendants. | |

Plaintiff Vanida Khautisen, as Personal Representative of the Estate of Khousanexay Bill Sivilay, by and through undersigned counsel, hereby responds in opposition to Defendants BHG Holdings, LLC, and BHG XXXVIII, LLC's (collectively, "BHG") omnibus motion in limine (ECF No. 116).

I.  <u>**Background**</u>

BHG is the largest chain of methadone clinics in America. Methadone clinics are supposed to help persons addicted to opioid drugs to stop using those drugs. But BHG is owned by a Chicago-based, private-equity investment fund that does not provide actual addiction treatment to addicts as federal and South Carolian regulations require. Trent Neal was a 21-year-old heroin addict who came to BHG seeking help in June 2020. He received methadone at BHG's Spartanburg clinic daily for seven months. While at BHG he had thirty state-mandated urine drug tests. He tested positive for illegal opiates every time. After a few months he also began testing positive for other drugs, including benzodiazepines that have a debilitating effect when combined with methadone. BHG was aware of the danger but took no action other than to continue to sell methadone to Mr. Neal.

On the day after Christmas in 2020, Mr. Neal ran a red light and slammed into the driver's side door of a car driven by Plaintiff's husband, Bill Sivilay, killing him. He was arrested at the scene and tested positive for methadone and benzodiazepines. Mr. Sivilay was 46 years old. He is survived by his wife and two daughters, then 8 and 11 years old. His widow was forced to take a $16/hour textile mill job to support their little girls, who are now enrolled in public assistance programs.

On April 7, 2023, the Court entered the operative Fourth Amended Scheduling Order, which set a deadline of August 18, 2023, for all motions other than "(a) those relating to the admissibility of evidence at trial and (b) those to compel discovery." ECF No. 69 ¶ 10.

On July 20, 2023, BHG filed a motion for summary judgment. ECF No. 74. BHG filed the motion before the deadline as a negotiation tactic for the mediation scheduled for July 24. BHG's argument for summary judgment is that "Plaintiff's claims are fully grounded in medical malpractice" and so "Defendants owed no duty to the deceased Plaintiff who was a non-patient third party." *Id.* BHG chose not to assert any arguments regarding causation. *Id.*

On August 9, 2023, BHG filed a motion to exclude Plaintiff's expert Dr. Nathan Strahl. ECF No. 86. After the motion was fully briefed, on August 29, the Court entered a text order ruling "that Defendants' motion to exclude any testimony or report of Dr. Nathan Strahl is more appropriately brought as a motion in limine" and denying the motion "without prejudice and with leave to re-file as a motion in limine taking into account any subsequent developments on or before the deadline for such motions." ECF No. 92. Later that day BHG refiled the motion to exclude Dr. Strahl as a motion in limine. ECF No. 93. Plaintiff is unsure whether that was the Court's intent. That same day, BHG filed another motion in limine to exclude "Plaintiff's joint and several, vicarious, and 'alter ego' liability theories." Both motions in limine are now fully briefed.

On November 27, 2023, attorneys from the firm of Robinson Gray Stepp & Laffitte, LLC, first appeared on behalf of BHG. On January 2, 2024, BHG filed the instant omnibus motion in limine, repeating its challenge to Dr. Strahl's testimony and asserting various arguments, discussed below, as to why Plaintiff purportedly has no evidence BHG proximately caused Mr. Sivilay's death and asking the Court to exclude any argument or evidence to the contrary. This was the first filing (other than an appearance) signed by attorneys from Robinson Gray Stepp & Laffitte, LLC.

## II.    <u>Legal Standard</u>

Although not specifically provided for in the Federal Rules of Evidence, motions in limine "ha[ve] evolved under the federal courts' inherent authority to manage trials." *United States v. Verges*, Crim. No. 1:13-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Id.* "Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006); *see also United States v. McBride*, 676 F.3d 385, 403 (4th Cir. 2012) ("[A]ssessing [whether evidence is] relevan[t] is at the heart of the district court's trial management function.").

A district court therefore has "broad discretion" in deciding a motion in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012). Nonetheless, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3.

*In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, No. 2:18-CV-3487-RMG, 2023 WL 3409039 (D.S.C. May 12, 2023). However, "[f]actual questions should not be resolved through motions in limine." *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 871 (W.D. Mich. 2008) (citation omitted). A motion in limine is not a "vehicle for a party to ask the Court to weigh the sufficiency of the evidence." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 532 (D.N.J. 2008). Rather, motions in limine are a means for arguing why "evidence should or should not, *for evidentiary reasons*, be introduced at trial." *Williams v. Johnson*, 747 F. Supp. 2d 10, 18 (D.D.C. 2010) (emphasis in original). Parties moving in limine "should target their

arguments to demonstrating why certain items or categories of evidence should (or should not) be introduced at trial, and direct the trial judge to specific evidence in the record that would favor or disfavor the introduction of those particular items or categories of evidence." *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10–11 (D.D.C. 2011). But when a "motion in limine is no more than a rephrased summary-judgment motion, the motion should not be considered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 563 (6th Cir. 2013).

### III.    <u>Argument</u>

Defendants' omnibus motion in limine is a thinly disguised and untimely summary judgment motion and vehicle for unauthorized sur-replies supporting pending motions, and for that reason should be denied. *See Williams*, 747 F. Supp. 2d at 20 ("Simply put, the [defendant] has cloaked a motion for summary judgment in the form of a motion in limine, but the deadline to file dispositive motions has long since passed. . . . Accordingly, the Court shall deny the [defendant's] Motion in Limine. . . ."); *Goodman v. Praxair Servs., Inc.*, No. CV MJG-04-391, 2009 WL 10681955, at *1 (D. Md. June 16, 2009) ("The instant motion is not a motion in limine. It is a mislabeled motion for partial summary judgment filed long after the time for filing such motions expired. . . . Accordingly, this Court will deny the instant motion, an untimely motion for summary judgment, on procedural grounds."). If Defendants want to file another summary judgment motion, they should move to amend the scheduling order and demonstrate good cause to do so. Fed. R. Civ. P. 16(b)(4) (providing a scheduling order "may be modified only for good cause"). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.). Hiring new lawyers does not provide good cause to disregard the scheduling order. A "scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (internal quotation marks omitted).

Defendants' motion memorandum asserts four arguments, none of which are proper to raise in a motion in limine.

*First*, BHG argues the Court should exclude any argument suggesting that BHG's failure to comply with counseling treatment standards mandated by law for methadone treatment programs in any way contributed to proximate causation of Plaintiff's injuries, because there purportedly "is no reliable expert testimony" supporting any such argument so it would therefore be "pure conjecture."  ECF No. 116-1 at 10.

This is an improper argument to make in a motion in limine.  *Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 275 (E.D. Mich. 2009) ("The denial of a motion in limine is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case.").  A total lack of evidence to establish a prima facie case for a necessary element of a claim would be grounds for summary judgment, not exclusion of some argument or evidence on evidentiary grounds.  *See, e.g.*, *Guthrie v. Ball*, No. 1:11-cv-333, 2014 WL 11585621, at *1 (E.D. Tenn. Oct. 14, 2014) ("Motions in limine are intended to address evidentiary issues and are not appropriately used to resolve substantive issues that could have been raised in timely motions for judgment on the pleadings or motions for summary judgment.").  Where there is some evidence, the weight of the evidence is tried, not decided on a motion in limine.  *See Bowers*, 563 F. Supp. 2d at 532 (noting a motion in limine is not a "vehicle for a party to ask the Court to weigh the sufficiency of the evidence").

Moreover, BHG uses this argument to pivot to a repetition of its argument that Dr. Strahl's testimony should be excluded.  Indeed, the only evidentiary rules BHG discusses in this argument are rules regarding expert testimony.  BHG has already filed a motion to exclude Dr. Strahl's testimony—twice.  ECF Nos. 86 & 93.  This argument is nothing but an unauthorized sur-reply—

a fifth memorandum in support of a motion for which BHG had already submitted *four* supporting memoranda. ECF Nos. 86, 91, 93-1, 105; *cf. Koppers Performance Chems., Inc. v. Travelers Indem. Co.*, No. 2:20-CV-2017-RMG, 2021 WL 5906112, at *3 (D.S.C. Nov. 5, 2021) ("The District of South Carolina Local Rules make no provision for sur-replies, and courts in this circuit generally only allow sur-replies when fairness dictates that a party be provided the opportunity to address an issue that was raised for the first time in a responsive briefing.").

BHG perhaps is anxious to move this case forward. So is Plaintiff. BHG's conduct has left her once-prosperous family indigent, with two young children now on public assistance. Her wages as a textile mill worker are barely more than half the federal poverty level for a family of three. But she understands that the Court has a pending vacancy, that there are only three active judges assigned to Upstate divisions having a population exceeding 1.5 million people, and that the Court has an extensive criminal docket which often must take precedence over civil matters to preserve the rights of the accused. So, she has patiently awaited decisions on the pending motions which are fully briefed. It would be fundamentally unfair to her to allow a private equity fund with $10 billion in assets and an insurance company with over $60 billion in assets to hire multiple law firms to file a stream of repetitive memoranda in the interim. Subject to the scheduling order and the Local Civil Rules, BHG chose when to raise the issues it raised and how to brief them. Once those issues are fully briefed, BHG should patiently wait for the Court's decision, whether a ruling on the papers or the setting of a hearing. Further briefing should not be filed without seeking leave upon a showing of good cause. *See Koppers Performance Chems.*, 2021 WL 5906112, at *3.

*Second*, BHG argues that the Court should exclude any evidence or argument that BHG's dispensation of methadone to Mr. Neal was a proximate cause of Plaintiff's injuries, shoehorning this summary judgment argument under Rule 403 of the Federal Rules of Evidence by arguing it

would be unfairly prejudicial to BHG for Plaintiff to present evidence of proximate causation.

Again, this is an improper argument for a motion in limine:

> Nor should a motion in limine be used to argue, as Ashland does here, than an item of damages may not be recovered because no reasonable person could find that it was proximately caused by the defendant's acts.  That is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.

*C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008); *see also Seal4Safti,*

*Inc. v. Cal. Expanded Metal Prod. Co.*, No. 220CV10409MCSJEM, 2022 WL 2199831, at *6 (C.D.

Cal. Apr. 26, 2022) ("The Court once again notes that a motion in limine seeking a definitive

determination on a legal question, rather than an evidentiary question, is an improperly presented

motion for summary judgment."); *Dunn*, 264 F.R.D. at 275 ("The denial of a motion in limine is

warranted where the moving party seeks to argue the merits of its case and preclude the non-

moving party from presenting its case.").

Further, BHG's selective quotation of Plaintiff's expert Professor Eagerton, former chief

toxicologist for the South Carolina Law Enforcement Division, is just deceptive rhetoric.  BHG

quotes him agreeing that had no methadone been in Mr. Neal's body at the time of the fatal crash,

he still would have been too impaired to drive a vehicle safely because of other substances in his

body.  BHG implies by false logic this means methadone was not a substantial contributing factor

in causing the crash.  A simple example illustrates the fallacy of BHG's argument.  A person with

a blood alcohol content (BAC) of 0.08 is too impaired to drive a vehicle.  But any reasonable

person would agree that if a person already having a BAC of 0.08 drinks chugs a bottle of scotch,

gets his BAC up to 0.32, then drives and crashes, that extra bottle of scotch was a substantial

contributing factor in causing the crash.  That is exactly what Professor Eagerton said:

> Q. All right. Doctor, I just -- I want to – I'm going to try my best to summarize what I've heard your testimony to be today. I'm not trying to put words in your mouth. So, please, correct me if you think I'm wrong.

Are you saying and are you going to testify at trial, if it comes to that, that 150 ng per milliliter of methadone, in combination with this cocktail of benzodiazepines, all of which were either at a therapeutic or impairing level, and in combination with an impairing level of marijuana, that that 150 ng/mL of methadone was a substantial contributing factor to Mr. Neal's intoxication, at the time of this wreck?

A. Yes.

MR. FARR: Okay. All right. I have no further questions.

ECF No. 81-25 at 3–4.

*Third*, BHG argues the Court should exclude any evidence or argument that BHG owed a duty of care to Plaintiff or anyone other than the addicts to whom BHG dispenses addictive drugs. Whether BHG owed a duty of care is a legal issue, not an evidentiary issue, and therefore is not a proper subject for a motion in limine. *See Seal4Safti*, 2022 WL 2199831, at *6. Obviously, if BHG owed no duty of care, then there would be no trial in which to present evidence regarding its breach or damage thereby caused. *Cf. Williams*, 747 F. Supp. 2d at 18 (concluding motions in limine are a means for arguing why "evidence should or should not, *for evidentiary reasons*, be introduced at trial." (emphasis in original)). This is merely a disguised dispositive motion in violation of the scheduling order. *Cf. Monsanto Co. v. Bayer Bioscience N.V.*, 2005 WL 5989796 (E.D. Mo. 2005) ("This Court holds that Monsanto's motion in limine is truly a motion for partial summary judgment, and thus, is untimely and will not be addressed by the Court."); *see also Louzon*, 718 F.3d at 563 (holding when a "motion in limine is no more than a rephrased summary-judgment motion, the motion should not be considered").

Further, the existence of a duty of care is a legal issue—the only issue—currently presented in BHG's motion for summary judgment pending before the court. ECF No. 74. Thus, this argument again is nothing more than an unauthorized sur-reply in support of a pending motion. *See Koppers Performance Chems.*, 2021 WL 5906112, at *3 (requiring good cause to allow a sur-reply). Hiring an additional law firm months after the briefing on a motion has completed does

not create good cause for a sur-reply in support of the motion—especially when the party hiring new counsel is a large commercial enterprise with both its own external general counsel and insurer-retained counsel. *Id.* Plaintiff therefore respectfully requests the Court disregard Defendants' third argument.

To the extent the Court chooses to consider it, BHG's only new argument is to argue Texas case law should control the outcome of this case because it provides "an exceptional framework for this case." ECF No. 15. BHG and its external general counsel are based in Dallas and undoubtedly well versed in Texas law, but this case is being litigated in South Carolina because it arises from BHG's conduct in South Carolina and its disregard of South Carolina's regulations governing methadone clinics. How Texas courts may have ruled on similar issues 25 or 30 years ago is a curiosity with little relevance to a case controlled by South Carolina case law, including *Bishop v. South Carolina Department of Mental Health*, 502 S.E.2d 78 (S.C. 1998), *Hardee v. Bio-Medical Applications of South Carolina, Inc.*, 636 S.E.2d 629 (S.C. 2006); and *Dawkins v. Union Hospital District*, 758 S.E.2d 501 (S.C. 2014). Less than seven years ago, another judge of this Court ruled that when "[r]ead together, *Dawkins*, *Bishop*, and *Hardee*" allow, in some circumstances, third party "negligence claims against a medical provider based on the medical provider's negligence toward the patient." Order, *Santandreu v. Colonial Mgmt. Grp., LP*, 3:16-cv-3042-TLW, slip op. at 7 (D.S.C. Apr. 28, 2017).

*Fourth*, BHG argues that,

> If the Court finds that Defendants owed a legal duty to Plaintiff . . . the Court should rule that [Trent Neal's] decision and conduct to take illicit drugs outside of and contrary to the care of BHG Spartanburg were a superseding (i.e., intervening) cause of Plaintiff's claimed damages. Although proximate cause is ordinarily a question of fact, this ruling is one for the Court and necessary because the evidence "is susceptible of only one reasonable inference." *Matthews v. Porter*, 239 S.C. 620, 124 S.E.2d 321, 323 (1962) (citing *Green v. Bolen*, 237 S.C. 1, 115 S.E.2d 667 (1960)).

ECF No. 116-1 at 17. As a threshold matter, the Court should not address speculative motions that are contingent on the outcome of other pending motions. That is why motions in limine typically are made after the disposition of motions for summary judgment, when the case is set for trial. That is the appropriate time to discuss what may or may not be presented at trial.

Beyond that issue, this argument is, once again, a barely-disguised motion for summary judgment. It does not even attempt to cite or otherwise reference or discuss any evidentiary rule. It just asserts arguments about proximate causation BHG belatedly wishes it made when it filed its summary judgment motion *almost six months ago*. ECF No. 74 (filed July 20, 2023). BHG filed this on January 2, 2024, in open defiance of the Court's order setting an August 18, 2023, deadline for such motions. ECF No. 69 ¶ 10 ("All other motions, except (a) those relating to the admissibility of evidence at trial and (b) those to compel discovery, shall be filed no later than August 18, 2023 (Fed. R. Civ. P. 16(b)(2)).").

BHG asserts the evidence allows no inference supporting Plaintiff's case, and Plaintiff asserts it does. Asking the Court to decide whether there is indeed a genuine factual dispute to put before the jury is the function of a motion for summary judgment: "In light of their limited purpose, motions in limine "should not be used to resolve factual disputes," which remains the "function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." *C & E Servs.*, 539 F. Supp. 2d at 323; *see also Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) ("Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions."); *Dunn*, 264 F.R.D. at 274 (E.D. Mich. 2009) ("[M]otions in limine are meant to deal with discrete evidentiary issues related to

trial, and are not another excuse to file dispositive motions disguised as motions in limine." (internal quotation marks and citation omitted)).

Moreover, BHG's argument that the evidence does not allow any inference that BHG could have reasonably foreseen Mr. Neal's illegal drug use on December 26, 2020, is entirely without merit. As quoted in BHG's brief, "the test, therefore, by which the negligent conduct of the original wrongdoer is to be insulated as a matter of law by the independent negligent act of another, is whether the intervening act and the injury resulting therefrom are of such character that the author of the primary negligence should have reasonably foreseen and anticipated them in the light of attendant circumstances." ECF No. 116-1 at 18 (quoting *Stone v. Bethea*, 161 S.E.2d 171, 173 (S.C. 1968)). BHG could reasonably foresee Mr. Neal would use illegal benzodiazepines on December 26, 2020, because it had ***actual knowledge*** he in fact was using benzodiazepines at that time. BHG tested him for benzodiazepines nine times in November and December 2020, and he tested positive for benzodiazepines on seven of those tests. ECF No. 81-2 at 26–29. He tested positive twice in the same week as the collision. *Id.* To say this evidence ***only*** admits the inference that BHG could not have "reasonably foreseen and anticipated" his use of benzodiazepines is simply tendentious. Likewise, it is true that "[u]nder all ordinary and normal circumstances, in the absence of any reason to expect the contrary, the actor may reasonably proceed upon the assumption that others will obey the criminal law," ECF No. 116-1 at 18 (quoting *Czach v. HH Annapolis, LLC*, 2022 WL 11949031 (D. Md. Oct. 20, 2022)), but, again, BHG had "reason to expect the contrary"—its actual knowledge of the contrary. It is extraordinary that a facility for the treatment of illegal drug abuse argues there is no way it could reasonably foresee that a person

11

in treatment for illegal drug use would use illegal drugs—even when it was conducting drug tests on him, and he was failing them every time.[1]

*    *    *

The omnibus motion in limine is a summary judgment motion mislabeled as a motion in limine for the improper purposes of evading the scheduling order and to file untimely additional arguments in support of pending motions, and it would be appropriate to award Plaintiff reasonable attorney's fees incurred in responding to it. *E.g.*, *Med. Tech. Assocs. II Inc. v. Rausch*, No. 23-1129, 2023 WL 8451222, at *2–4 (3d Cir. Dec. 6, 2023) (affirming district court order for attorney to "pay the reasonable expenses, to include attorney's fees, that Defendants incurred due to the '[s]ubmission" of a brief and exhibits "beyond the briefing the Scheduling Order permitted"). However, in the spirit of professional collegiality undersigned counsel had enjoyed with opposing counsel, in a desire to establish collegiality with BHG's new counsel, and to avoid burdening the Court with additional motion practice, Plaintiff will not seek fees or sanctions at this time. But this is not the first improper motion in limine BHG has filed. *See, e.g.*, ECF No. 103 (arguing, in response to another BHG motion in limine, "It is extraordinary to file a motion in limine months before trial to exclude evidence subject to pending discovery motions" and "It appears the instant motion is really about a discovery dispute—whom Plaintiff may depose and what BHG must produce to Plaintiff—and not what evidence may be presented to the jury at trial"). Plaintiff therefore will seek appropriate sanctions, including fees incurred in responding to this motion, if

---

[1] Further, it should be noted that Plaintiff's argument is not that BHG had a duty to prevent Mr. Neal from using illegal drugs. BHG had a duty as a methadone treatment facility to provide the drug treatment services federal and state regulations require all facilities dispensing methadone (a dangerous drug) to provide. Plaintiff argues BHG's willful refusal to provide the services the law required it to provide, even when having actual knowledge of Mr. Neal's illegal benzodiazepine use, led to Mr. Neal's continued use of illegal benzodiazepines in combination with methadone from BHG on December 26, 2020, thereby proximately causing the fatal collision.

BHG continues to file improper motions in limine as a device to evade the scheduling order and to file unauthorized sur-replies.

**IV.     Conclusion**

For the foregoing reasons, the Court should deny Defendants' omnibus motion in limine (ECF No. 116).

Respectfully submitted,

s/Phillip D. Barber
Richard A. Harpootlian (Fed. ID No. 1730)
Phillip D. Barber (Fed. ID No.12816)
Andrew R. Hand (Fed. ID No. 12176)
RICHARD A. HARPOOTLIAN P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, South Carolina 29202
Phone (803) 252-4848
Facsimile (803) 252-4810
rah@harpootlianlaw.com
pdb@harpootlianlaw.com
arh@harpootlianlaw.com

Matthew E. Yelverton (Fed. ID No. 7966)
YELVERTON LAW FIRM, LLC
60 Folly Road
Charleston, South Carolina 29407
(843) 574-8822
Facsimile (843) 574-8824
myelverton@ylitigators.com

ATTORNEYS FOR PLAINTIFF
VANIDA KHAUTISEN, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
KHOUANEXAY BILL SIVILAY

January 16, 2024
Columbia, South Carolina.